## UNITED STATES

v.

**Scott Douglas CALLAHAN, 336 58 1006, Fireman Recruit (E–1), U. S. Navy.**

**NCM 79 1631.**

U. S. Navy Court of Military Review.

Sentence Adjudged 18 June 1979.

Decided 14 Feb. 1980.

---

CDR Walter J. Landen, JAGC, USN, Appellate Defense Counsel.

LCDR John C. Vinson, JAGC, USN, Appellate Government Counsel.

Before CEDARBURG, C. J., and FERRELL and DONOVAN, JJ.

PER CURIAM:

Appellant assigns as error the following: A PRETRIAL AGREEMENT DESIGNED TO ENFORCE A CIVIL LIABILITY OR OBLIGATION IS IN VIOLATION OF PARAGRAPH 126*h*, *MANUAL FOR COURTS–MARTIAL, UNITED STATES, 1969 (REVISED EDITION)* AND PUBLIC POLICY.

The disputed provision of the pretrial agreement, which appellant has asserted that he read and understood before he signed, was made part of the commonly called "null and void" terms and states, in pertinent part:

That it is expressly understood that the pretrial agreement will become null and void in the event:

.     .     .     .     .

(5) or, I fail to make restitution to the victim in the amount agreed upon in the maximum sentence appendix to Memorandum of Pre-trial Agreement within 30 days of the end of the trial. That it is expressly understood that Charge II and the specification thereunder will be dropped by the Convening Authority if restitution is made prior to commencement of the trial.

Restitution was not made prior to commencement of the trial but was made within 30 days thereafter.

We disagree with appellant and, as we have in the past, find that the above provision does not violate either the Uniform Code of Military Justice, the *Manual for Courts-Martial, 1969 (Rev.)*, case law or public policy. As we said in *United States v. Hovdet*, No. 77 0750 (N.C.M.R. 7 July 1977),

Barring a requirement that forces an accused to waive a fundamental right or that induces him to commit perjury, a pretrial agreement should not be held void simply because it concerns matters other than the sentence and the charges. As a promise to make restitution to one's victim simply does not rise to the level of either of these types of provisions, it should not be held to be violative of public policy. In this respect, we believe that the public actually has a legitimate interest in seeing that individual members of society who fall victim to criminal acts such as the ones committed by appellant are made financially whole again.

*Id.*, slip opinion at 3. This comports with our earlier decision, in *United States v. Evans*, 49 C.M.R. 86 (N.C.M.R.1974), *pet. denied* 23 U.S.C.M.A. 629 (1974), in which we were faced with a provision that provided for restitution to the accused's ship, the money having been stolen from the custody of the ship's chaplain. Evans, as does appellant here, argued that the provision "was improper since it 'could result in the imposition of a fine that was not adjudged at the court-martial below' " as well as because the money would go to the ship rather than to the United States Government, in contra-

vention of paragraph 126*h*(1), *Manual for Courts-Martial, 1969 (Rev.).* The *Evans* reasoning is applicable to the case before us:

> Appellant's argument might have substance if the above quoted provision did in fact require the appellant to pay a fine which had not been adjudged by the court. However, that is not the case here. The forfeiture provision of this pretrial agreement does not impose a fine. Rather, the provision drafted and submitted by the appellant and his lawyer counsel, makes restitution to the victim of the accused's larceny a condition precedent to suspension of the adjudged forfeitures.

> The validity of a contingency provision in a pretrial agreement depends upon the nature of the contingency. Contingent provisions are contrary to public policy and void if they require an accused to waive fundamental rights, [*United States v. Troglin*, 21 U.S.C.M.A. 183, 44 C.M.R. 237 (1972); *United States v. Cummings*, 17 U.S.C.M.A. 376, 38 C.M.R. 174 (1968)] or if they may induce him to commit perjury [*United States v. Conway*, 20 U.S.C.M.A. 99, 42 C.M.R. 291 (1970); *United States v. Scoles*, 14 U.S.C.M.A. 14, 33 C.M.R. 226 (1963)]. However, contingent provisions in pretrial agreements are not improper if they do not require the waiver of fundamental rights and are not contrary to public policy. *United States v. Lallande*, 22 U.S.C.M.A. 170, 46 C.M.R. 170 (1973).

*United States v. Evans, supra* at 88–9.

We do not wish to encourage imaginative forms of restitution "in kind", such as arduous labor arrangements in lieu of dollar remuneration. Under the circumstances of this case, our reading of the record compels us to conclude that appellant offered to give restitution to the victim in a feasible and easily ascertainable manner, that is, dollars. It was offered as part of a pretrial agreement originated by him and made knowingly and voluntarily with the advice of competent counsel. The provision herein could neither force appellant to forego a fundamental right, induce him to commit perjury, nor waive an issue properly retained for judicial review. Accordingly, this assignment of error lacks merits. *See also United States v. Harvill*, No. 71 0831 (N.C.M.R. 9 July 1971), *pet. denied* 21 U.S. C.M.A. 607 (1971).

The Special Court-Martial Order erroneously states the termination date set forth in specification 1 of Charge I as "23 May 1979" when it should read 23 May 1978; it misstates the year as 1979 vice 1978, for the commencement and termination dates in specification 2 of Charge I; also, the Order does not reflect that, as to specification 3 of Charge I, the military judge excepted the figure "20" in the last line of the specification and substituted therefor the figure "17". An amended Special Court-Martial Order should be issued to reflect these changes.

The findings and sentence as approved below are affirmed.