**UNITED STATES**

v.

**Christopher BARNES, 578 84 8735, Lance Corporal (E–3), U. S. Marine Corps.**

**NMCM 81 0582.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 5 May 1980.

Decided 15 Oct. 1981.

LCDR I. D. Warden, Jr., JAGC, USN, Appellate Defense Counsel.

LT J. G. VanWinkle, JAGC, USN, Appellate Government Counsel.

Before GLADIS, Senior Judge, and BOHLEN and BYRNE, JJ.

GLADIS, Senior Judge:

Charged with assault with intent to commit murder, the accused was convicted, contrary to his pleas, at a general court-martial composed of officer members of assault with intent to commit voluntary manslaughter, in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934. He was sentenced to a dishonorable discharge, confinement at hard labor for 5 years, forfeiture of all pay and allowances and reduction to pay grade E–1. The convening authority approved the findings with minor exceptions and substitutions and approved the sentence without change.

### Verbatim Record

The accused contends that the record of trial is not verbatim because questionnaires completed by the court members were not appended. In *United States v. Slubowski*, 5 M.J. 882, 886 n.2 (N.C.M.R. 1978), *aff'd on other grounds*, 7 M.J. 461 (C.M.A. 1979), we approved the practice of using form questionnaires concerning the background of the members in order to expedite the *voir dire* examination and said that such questionnaires must be appended to the record as appellate exhibits. Although questionnaires were used and not appended to the record in some cases tried prior to the *Slubowski* decision, we never found the omission to be prejudicial error in those cases or considered it worthy of comment.

■ A missing exhibit does not render a record non-verbatim. *United States v. McCullah*, 11 M.J. 234, 236 (C.M.A. 1981); *United States v. Worley*, 44 C.M.R. 498 (A.C.M.R. 1971). If, however, the omission is substantial it may raise an issue concerning the statutory requirement for completeness. *United States v. McCullah, supra.*

Subject to exceptions which are not material here, paragraph 82*b*(1), *Manual for Courts-Martial, 1969 (Rev.)* (MCM), requires that a record of trial by general court-martial be both complete and verbatim.

■ Under the circumstances of this case we do not find the absence of the members' questionnaires from the record to be a substantial omission rendering the record incomplete. Although the questionnaires were completed by the members and used by counsel in questioning the members, they were not offered as exhibits.[1] They were not incorporated by reference into the questions asked on *voir dire*. Their absence from the record does not constitute an omission of a material portion of the proceedings. The proceedings, at which the *voir dire* examination of the members was conducted, the sole challenge for cause sustained, and the peremptory challenges made, were recorded verbatim. *Cf. United States v. Sturdivant*, 1 M.J. 256 (C.M.A. 1976). No rulings affecting the rights of the accused were based on the questionnaires. They did not affect the findings. *Cf. United States v. McCullah, supra.* Therefore, the omission was insubstantial.

### Past Recollection

The accused contends that the military judge erred by permitting the victim, who did not remember the assault, to testify over defense objection that while in the hospital he had remembered that a black who lifted weights was involved in smacking him in the mouth with a cane when he answered the door. (R. 171). At trial the victim admitted that he could not say this actually happened. (R. 177). The judge instructed the members to be "somewhat leery" of this testimony and give it whatever weight, if any, they felt it deserved. The accused argues that the witness was incompetent to testify about this event because he could not remember the attack at trial. Paragraph 148*c*, MCM, provided that a witness suffering from a mental infirmity is

---

1. Not every writing used at or in connection with trial must be appended to the record as an appellate exhibit. *Cf.* Rule 612, Military Rules of Evidence (MRE).

competent to testify if he knows the difference between truth and falsehood, understands the moral importance of telling the truth, and has sufficient mental capacity to observe, recollect, and describe with reasonable accuracy the facts in question. The victim here had no memory of the assault because of amnesia resulting from the attack.

 Appellate Government counsel argues that the victim's testimony was analogous to refreshing recollection or past recollection recorded. The victim's recollection was not refreshed. His testimony does not satisfy the requirement for past recollection that the witness be able to state that the recollection was or must have been correct. Paragraph 146a, MCM. The trial judge conceded that the victim's testimony did not fall within the normal exceptions to the hearsay rule. (R. 67). The Government submits that it was admissible as another exception under Rule 803(24), Federal Rules of Evidence (FRE). *See* paragraph 137, MCM. The testimony did not, however, have the circumstantial guarantees of trustworthiness required by Rule 803(24), FRE. Therefore, this testimony was tantamount to inadmissible hearsay and should have been excluded.

■ Nevertheless, the accused was not prejudiced by its erroneous admission. The findings show that the members disregarded the testimony in question. They found the accused guilty of the lesser included offense of assault with intent to commit voluntary manslaughter, that is, an assault with intent to kill in the heat of passion caused by adequate provocation. Thus, they necessarily accepted the testimony of the accused, corroborated by the victim's roommate, that the altercation began when the victim struck the first blow. The members rejected the victim's recollection of being smacked in the face with a cane. They did not believe that the accused started the altercation by striking the victim with a cane when he opened the door. The victim's initial blows were the provocation causing the heat of passion. Therefore, the accused was not prejudiced by the inadmissible testimony.

The remaining assignments of error also lack merit.

Accordingly, the findings of guilty and sentence as approved on review below are affirmed.

Judge BOHLEN and Judge BYRNE concur.