**UNITED STATES**

v.

**Larry D. BOOTH, 184 54 2859 Seaman Recruit (E–1), U.S. Navy.**

**NMCM 90 3257.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 24 May 1990.

Decided 31 Oct. 1991.

---

LT Mary Anne Razim, JAGC, USNR, Appellate Defense Counsel.

LT J.C. Foster, JAGC, USNR, Appellate Government Counsel.

Before WILLEVER, STRICKLAND and ORR, JJ.

ORR, Judge:

Contrary to his pleas, the appellant was convicted by the military judge sitting alone of conspiring with another sailor to commit larceny by force in violation of Article 80, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 880, and of the robbery of currency and a money order totalling $151.00 from a Marine private in violation of Article 122, UCMJ, 10 U.S.C. § 922. On appeal, the appellant contends that the Government failed to prove his guilt of these two charges beyond a reasonable doubt.

■ This case illustrates several well-established principles of the law regarding conspiracies. First, "[t]he conduct of the

parties to the conspiracy is sufficient to show the agreement required to establish the offense." *United States v. Layne,* 29 M.J. 48, 51 (C.M.A.1989). Second, "[a] conspiratorial agreement need take no particular form or be manifested in any formal words." *United States v. Jackson,* 20 M.J. 68, 69 (C.M.A.1985). Third, "the existence of a conspiracy is generally established by circumstantial evidence and is usually manifested by the conduct of the parties themselves." *United States v. Matias,* 25 M.J. 356, 362 (C.M.A.1987) (citation omitted), *cert. denied,* 485 U.S. 968, 108 S.Ct. 1242, 99 L.Ed.2d 441 (1988). Applying these principles to the evidence in this case, we are convinced of the existence of a conspiracy and of appellant's guilt beyond a reasonable doubt. *United States v. Turner,* 25 M.J. 324 (C.M.A.1987).

■ In performing our review responsibilities concerning the facts of this case as required by Article 66, UCMJ, 10 U.S.C. § 866, and emphasized by the appellant in his assignment of error, we were hampered by the failure of the court reporter, the trial counsel, and the military judge to ensure that copies of two diagrams, which were used in the trial to illustrate verbal descriptions of the movements of the victim and his fellow Marine and the movements of the appellant and his co-conspirator, were attached to the record of trial. These diagrams were marked for identification as Prosecution Exhibits 2 and 11 but were never offered in evidence. After two orders by this Court,[1] the Government has conceded that the exhibits no longer exist. As we stated in our second order:

These diagrams were referred to by four of the five prosecution witnesses in the Government's case-in-chief and by the appellant in his testimony on the merits. Both the victim and the eye-witness who was with the victim referred repeatedly to one or the other of these two diagrams in their testimony and placed marks on the diagrams to illustrate their movements and those of the appellant

---

1. The first order to produce the exhibits was issued on 28 November 1990 in response to the appellant's Motion to Produce. The second order was issued on 15 August 1991 after the Government's response to the first order was that production of the exhibits was "unnecessary."

and his co-conspirator at the time the offenses in this case occurred. Those marks and other aspects of the diagram were referred to by every witness but two who testified at trial. Whether or not the diagrams were offered in evidence, the Rules for Courts–Martial *require* either their inclusion as part of the record of trial, R.C.M. 1103(b)(2)(D)(iv), or their attachment to the record, R.C.M. 1103(b)(3)(B).

The Government appellate counsel points to the following statement by the trial counsel, one of many such remarks in the record of trial, as describing in great detail the diagram and the markings being made by the witness who was then testifying: "TC: .... Your Honor, let the record reflect that the witness had drawn a green 'L' and a green 'P' just left of the corner of Fourth and Broadway, and a green 'B' and a green 'J' just to the north of Fourth and Broadway." Record at 42. Such descriptions are virtually meaningless without the diagrams showing the marks made by the witness. If the advocates for either prosecution or defense believe a diagram or chart or other demonstrative aid will be helpful to the trier or triers of fact, it is axiomatic that such diagrams or aids, or legible copies of them, will be helpful to this Court, which must be just as convinced beyond a reasonable doubt of an accused's guilt as the court-martial, itself. *Turner* at 325.

While we were compelled in this case to perform our function without being able to attach any meaning to the many references in the record of trial to these diagrams, the Government appellate counsel does point out: (1) that we must consider the omission of these exhibits as "substantial" before we should conclude that the record is incomplete without them; and, (2) that an omission is "substantial" if it prejudices the appellant. *Compare United States v. McCullah*, 11 M.J. 234 (C.M.A.1981) (omission of statutory notice of dishonor "substantial" omission in bad-check case) *with United States v. Barnes*, 12 M.J. 614 (N.M.C.M.R.1981) (omission of members' voir-dire questionnaires not substantial). In this case, the diagrams were not evidence of the appellant's guilt but were used by the trial counsel to help explain the testimony of witnesses who were describing the movements of the four individuals who were involved in these offenses. Those movements were important because they helped to show the concert of action between the appellant and his friend necessary to establish the existence of a conspiracy. Since the appellant did not, himself, rob the victim and had little to say in the course of the robbery, his physical movements and actions were essential factors in establishing his guilt. Based upon the descriptions provided by the witnesses themselves, however, even without the benefit of the diagrams used during the trial, we are convinced of the appellant's guilt beyond a reasonable doubt, and we conclude that the appellant has not been prejudiced by their omission from the record. Accordingly, the findings of guilty and the sentence as approved on review below are affirmed.

Chief Judge WILLEVER and Judge STRICKLAND concur.