**UNITED STATES, Appellee,**

v.

**Sergeant First Class Aaron K. JOHNSON, 170–52–2383, United States Army, Appellant.**

**ACMR 9003294.**

U.S. Army Court of Military Review.

27 Nov. 1991.

Released for Publication on 5 Dec. 1991.

For Appellant: Lieutenant Colonel James H. Weise, JAGC, Captain Michael P. Moran, JAGC (on brief).

For Appellee: Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Thomas E. Booth, JAGC, Captain Samuel J. Smith, Jr., JAGC (on brief).

Before FOREMAN, ISKRA and CREAN, Appellate Military Judges.

MEMORANDUM OPINION

FOREMAN, Senior Judge:

A general court-martial composed of officer members convicted the appellant of blackmarketing gasoline coupons in violation of a general regulation, and soliciting another soldier to violate a general regulation, in violation of Articles 92 and 134,

Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 934 (1982). The approved sentence provides for a bad-conduct discharge, confinement for fifteen months, forfeiture of all pay and allowances, and reduction to Private E1.

The arraignment, pleas, and findings in this case are a challenge to decipher. It appears that the trial counsel, or someone acting on his behalf, amended the original charge sheet to conform to the appellant's expected pleas pursuant to a pretrial agreement, but that the military judge and civilian defense counsel conducted the trial in accordance with the original charge sheet, without amendments. In short, the parties were not reading from "the same sheet of music."

The appellant was charged with one specification of conspiracy to violate a general regulation (Charge I and its Specification), six specifications of violating a general regulation pertaining to tax-free gasoline coupons (Charge II, Specifications 1–6), one specification of false swearing (Charge III, Specification 1), and one specification of soliciting another soldier to violate a general regulation pertaining to tax-free gasoline coupons (Charge III, Specification 2). Prior to the trial, the appellant proposed a pretrial agreement in which he offered to plead guilty to conspiracy (Charge I and its Specification), four of the six specifications alleging violation of a general regulation (Specifications 1–4 of Charge II and Charge II), and soliciting another to violate a general regulation (Specification 2 of Charge III and Charge III). The convening authority accepted the offer. The pretrial agreement does not mention the remaining two specifications alleging violation of a general regulation (Specifications 5 and 6 of Charge II) or the allegation of false swearing (Specification 1 of Charge III).

Prior to arraignment, the trial counsel, apparently working from the amended charge sheet, announced the general nature of the charges as being one specification of conspiracy, four specifications of violating a general regulation, and one specification of soliciting another to violate a general regulation. On the charge sheet which is inserted in the arraignment portion of the record of trial, Specifications 5 and 6 of Charge II and Specification 1 of Charge III were lined out and initialed by an unidentified person, indicating that they had been dismissed or withdrawn prior to trial. The number "1200" in Specification 2 of Charge II was changed on the charge sheet to "800," and the words "31 September 1989 and 1 February 1990" in Specification 4 of Charge II were changed to "1 March 1989 and 31 March 1989."

The appellant pleaded as follows:

To Charge I and its Specification: Guilty.

To Charge II and its Specification: Guilty.

To Charge III—Specification——

To Specification 1 of Charge II: Guilty.

To Specification 2 of Charge II: Guilty, except the word—the letters "1200"—excepting those letters—or figures rather—and substituting the figures "800." That's prior to "liters" at the end. To the excepted figures: Not Guilty. To the substituted figures: Guilty.

Guilty of the Specification and Charge II.

To Charge III—Specification 3: Guilty.

To Specification 4: Guilty, except "31 September 1989 and 1 February 1990"—excepting those words and substituting the following: "March 1989." To the excepted words and figures: Not guilty. To the substituted words and figures: Guilty.

To Specifications 5 and 6 of Charge II: Not Guilty.

To Charge II: Guilty.

To Charge III, Specification 1: Not Guilty.

To Specification 2: Guilty.

To the Charge: Guilty.

During the guilty plea inquiry the military judge fully inquired into the conspiracy (Charge I and its Specification), the four specifications of violating a general regulation (Specifications 1 through 4 of Charge II and Charge II), and the one specification of soliciting another to violate a general regulation (Charge III and its Specification). On his own motion the military judge dismissed the conspiracy

(Charge I and its Specification) as multiplicious with Specification 3 of Charge II. The military judge did not mention Specifications 5 and 6 of Charge II or Specification 1 of Charge III, nor did he ask the trial counsel whether the government intended to offer proof regarding those specifications.

The military judge announced his findings as follows:

Of Specification 1 of Charge II: Guilty.

Of Specification 2: Guilty, except the figures "1200" substituting therefor the figures "800." Of the excepted figures: Not Guilty. Of the substituted figures: Guilty. Of the Specification: Guilty.

Of Specification 3: Guilty.

The announcement of findings was interrupted by a brief colloquy between the civilian defense counsel and the military judge regarding the exceptions and substitutions in Specification 4 of Charge II, after which the military judge resumed his announcement of the findings:

Okay. This court finds you: Of Specification 4, this court finds you guilty except the words "1 December 1989 and 31 March 1989" substituting therefor the words and figures "March 1989." Of the excepted words: Not Guilty. Of the substituted words: Guilty. Of the Specification: Guilty.

Of Specifications 5 and 6: Not Guilty.

Of the Charge: Guilty.

Of Specification 1 of Charge III: Not Guilty.

Of Specification 2 of Charge III: Guilty.

Of Charge III: Guilty.

After the court members were assembled for the sentencing hearing, the military judge informed them:

You should have in your packet a flier which sets forth the charges. There should be four violations of Article 92, numbered as Charge I, and one violation of solicitation to commit an offense against the Code, a violation of Article 134.

Read literally, the above portions of the record appear to reflect that the appellant neglected to plead to Specifications 3 and 4 of Charge II, pleaded guilty to non-existent Specifications 3 and 4 of Charge III, and pleaded not guilty to Specifications 5 and 6 of Charge II and Specification 1 of Charge III, which had been withdrawn or dismissed prior to trial. The record also reflects findings of not guilty of Specifications 5 and 6 of Charge II and Specification 1 of Charge III, which were never before the court.

■ After careful analysis of the entire record, this court finds that the plea of guilty "To Charge III—Specification 3" and "To Specification 4" is either a typographical error by the reporter, inadvertently typing "III" instead of "II," or a slip of the tongue by the civilian defense counsel. It is clear that all parties interpreted the pleas as guilty pleas to Specifications 3 and 4 of Charge II, and we find that the appellant pleaded guilty to Specifications 3 and 4 of Charge II.

We find further that the figures in Specification 2 of Charge II and the dates in Specification 4 of Charge II were amended prior to trial, and that Specifications 5 and 6 of Charge II and Specification 1 of Charge III were withdrawn prior to trial.

■ We hold that the purported pleas and findings reflecting exceptions and substitutions in Specifications 2 and 4 of Charge II, and the purported pleas and findings with respect to Specifications 5 and 6 of Charge II and Specification 1 of Charge III are of no force and effect because they refer to allegations which were not before the court.

■ We note several references to a "flier" which was presented to the court members but which was never marked as an appellate exhibit or appended to the record of trial. After examining the entire record, including the military judge's preliminary instructions, the stipulation of fact, counsel's arguments, and the appellant's unsworn statement, we find that the absence of the flier is not a substantial omission, and we hold that the record of trial is verbatim notwithstanding the failure to include the flier as an appellate exhibit. *United States v. Harper*, 25 M.J. 895 (A.C.M.R.1988), *petition denied*, 27 M.J.

418 (C.M.A.1988); *United States v. Barnes*, 12 M.J. 614 (N.M.C.M.R.1981), *aff'd*, 15 M.J. 121 (C.M.A.1983).

We ordered briefs on the question whether a new post-trial recommendation and action was required because of the staff judge advocate's reference to the appellant's race and sex. Reference to an appellant's race and sex in the post-trial recommendation is improper. *United States v. Phillips*, 27 M.J. 402 (C.M.A.1988) (summary disposition); *United States v. Holt*, 27 M.J. 402 (C.M.A.1988) (summary disposition). *See also United States v. Brannon*, 33 M.J. 179 (C.M.A.1991); *United States v. Brice*, 33 M.J. 176 (C.M.A.1991). In this case, the appellant and his counsel did not object to the inclusion of race and sex data, thereby waiving the error. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1106(f)(6).

We have considered the issues raised personally by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), and have determined that they are without merit.

For the reasons discussed above, the purported findings of not guilty of Specifications 5 and 6 of Charge II and Specification 1 of Charge III are declared null and void. On consideration of the entire record, we hold that the findings of guilty to Specifications 1, 2 (by exceptions and substitutions), 3, and 4 (by exceptions and substitutions) of Charge II and Charge II and Specification 2 of Charge III and Charge III, and the sentence are correct in law and fact. Accordingly, those findings of guilty and the sentence are affirmed.

Judge ISKRA and Judge CREAN concur.