**UNITED STATES**

v.

**Michael A. HENTHORN, Jr., Builder
Third Class (E–4), U.S. Navy.**

**NMCM 200100716.**

U.S. Navy–Marine Corps Court
of Criminal Appeals.

23 Jan. 2003.

CDR GEORGE F. REILLY, JAGC, USN, Appellate Defense Counsel.

CDR E.M. KOLDEWEY, JAGC, USNR, Appellate Defense Counsel.

LT FRANK L. GATTO, JAGC, USNR, Appellate Government Counsel.

Before PRICE, Senior Judge, CARVER, and BRYANT, Appellate Military Judges.

BRYANT, Judge:

A military judge, sitting as a general court-martial, convicted the appellant, pursuant to his pleas, of receiving child pornography in violation of 18 U.S.C. § 2252A, assimilated through Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for 6 months, and reduction to pay grade E–1.

We have carefully considered the record of trial, the appellant's two assignments of error, and the Government's response. We conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. § 859(a) and 866(c).

### Forfeiture of Personal Property

In his first assignment of error, the appellant asserts that the pretrial agreement provision that required him "to forfeit his personal property (laptop computer) pursuant to 18 USCS 2253 constituted an unauthorized forfeiture or fine and therefore an excessively harsh punishment not permitted by the" UCMJ. Appellant's Brief of 31 Jan 2002 at 4.

He argues that "[p]unishments received at courts-martial must be those permitted by the UCMJ ... [and that] [t]he only forfeitures permitted are those of pay and allowances, not to property interests in ... personal property." *Id.* He requests that that this Court "reassess the sentence and provide appropriate relief." *Id.* at 5. Finding that there was no unauthorized forfeiture or fine, we deny the appellant's request.

Paragraph 20 of the appellant's pretrial agreement states, in part, as follows:

That, as consideration for this agreement, I agree to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 USC § 2253,[1] which are in possession of the Naval Criminal Investigative Service. The assets to be forfeited specifically include, the following: One Compac Presario Laptop Computer ... and 32 3.5″ Floppy Diskettes.

I agree to forfeit all interests in the properties as described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any documents necessary to effectuate such transfers. I agree to ... take all steps necessary to pass title to the United States before sentencing. I agree to waive any double jeopardy challenges that I may have as to any forfeiture actions arising out of the course of conduct that provides the factual basis for this case. I hereby waive any claims that I may have that the forfeiture of the aforementioned assets constitute an excessive fine.

Appellate Exhibit I at ¶ 20 (footnote added).

▆▆▆ The interpretation of a pretrial agreement is a question of law which we review *de novo*. *United States v. Spaustat,* 57 M.J. 256, 260 (2002). Pretrial agreements

---

1. 18 U.S.C. § 2253 provides, in pertinent part, as follows:

(a) Property subject to criminal forfeiture. A person who is convicted of an offense under this chapter [18 U.S.C. § 2251 et seq.] involving a visual depiction described in section ... 2252A

... of this chapter ... shall forfeit to the United States such person's interest in—

. . . .

(3) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense.

cannot contain terms which violate appellate case law, public policy, or the trial judge's own notions of fundamental fairness. *United States v. Cassity*, 36 M.J. 759, 761 (N.M.C.M.R.1992). Pretrial agreements are "contrary to 'public policy' if they interfere with court-martial fact-finding, sentencing, or review functions or undermine public confidence in the integrity and fairness of the disciplinary process." *Id.* at 762. "Barring a requirement that forces an accused to waive a fundamental right or that induces him to commit perjury, a pretrial agreement should not be held void because it concerns matters other than the sentence and charges." *United States v. Callahan*, 8 M.J. 804, 805 (N.C.M.R.1980). For example, inclusion of a restitution provision in a pretrial agreement is specifically permitted. R.C.M. 705(c)(2)(C).

■ The challenged pretrial provision did not "force [the] appellant to forego a fundamental right, induce him to commit perjury, nor waive an issue properly retained for [appellate] review." *Callahan*, 8 M.J. at 806. The appellant was convicted, pursuant to his plea, of violating 18 U.S.C. § 2252A, assimilated through Article 134, UCMJ. Under the clear language of 18 U.S.C. § 2253, the appellant's laptop computer and 32 floppy disks would be subject to forfeiture, because they were the instrumentalities used in the commission of the crime. The pretrial agreement is not inconsistent with the application of that statute.

■ Furthermore, the forfeiture of personal property encompassed in the pretrial agreement is not "punishment" as contemplated in R.C.M. 1003. Nor is it a provision requiring the appellant to waive a fundamental right at trial or a fundamental post-trial right. R.C.M. 705(c)(1); *see United States v. Edwards*, 58 M.J. 49, 52 (C.A.A.F.2003). Rather, it is an agreement designed to achieve broad remedial aims. Such a provision removes from circulation computer equipment that has been used to store and further the dissemination of child pornography. *See United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 363–64, 104 S.Ct. 1099, 79 L.Ed.2d 361 (1984)(holding the *in rem* civil forfeiture of a gun owner's fire-

arms, even after acquittal on criminal firearm charges, is not punishment, does not fall under the Double Jeopardy Clause, and furthers broad legitimate remedial aims); and *Callahan*, 8 M.J. at 806 (holding a convening authority and an accused can agree to restitution in a pretrial agreement even though restitution is not authorized under the UCMJ because it furthers acceptable public policy goals). Needless to say, "if the appellant found his agreement too onerous, he could have withdrawn from it." *Cassity*, 36 M.J. at 763

During the providence inquiry the military judge discussed the challenged provision with the appellant. Record at 43–45; *see United States v. Jones*, 23 M.J. 305, 308 (C.M.A. 1987). The military judge, thereafter, stated that the agreement was "in accord[ance] with appellate case law, not contrary to public policy or [his] own notions of fairness," and he accepted the agreement. Record at 46; *see Cassity*, 36 M.J. at 761. We agree with the military judge's implicit determination that the challenged provision encompasses acceptable public policy aims. As we discern no prejudice to the appellant and believe the military judge correctly interpreted the pretrial agreement, no relief is warranted.

**Inappropriately Severe Sentence**

In his second assignment of error, the appellant asserts that given his generally good service to the Navy, the absence of any involvement in the production or distribution of child pornography, and his sincere remorse, the adjudged sentence was inappropriately severe. We disagree.

■ Evaluation of sentence appropriateness focuses on " 'individualized consideration' " based on the " 'nature and seriousness of the offense[s] and the character of the offender.' " *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A.1982)(quoting *United States v. Mamaluy*, 10 C.M.A. 102, 106–07, 27 C.M.R. 176, 180–81, 1959 WL 3587 (1959)). Courts of Criminal Appeals are tasked with determining sentence appropriateness rather than clemency. Clemency, which involves bestowing mercy, is the prerogative of the convening authority. *United States v. Healy*, 26 M.J. 394, 395–96 (C.M.A.1988).

We have carefully considered that, but for the current offense, the appellant's military career was good. We have considered the numerous letters of support submitted at trial from family friends, co-workers, and superiors on the appellant's behalf. We fully recognize that there is no evidence that the appellant attempted to disseminate child pornography. We have also considered the appellant's remorse for his crime.

Nevertheless, we do not find that the adjudged sentence was inappropriately severe. The crime committed by the appellant is very serious. His possession "of photographs ... depicting sexual activity of juveniles is intrinsically related to the sexual abuse of children." *New York v. Ferber,* 458 U.S. 747, 759, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982). Granting sentence relief at this point would be to engage in clemency, a prerogative reserved for the convening authority. *Healy,* 26 M.J. at 395–96.

### Incomplete Record of Trial

Although not assigned as error, we note that the record of trial does not contain, either as a prosecution or an appellate exhibit, approximately 24 pornographic photographs down-loaded from the appellant's personal computer. While the record is not clear, it appears the pictures were originally attached to Prosecution Exhibit 1, a stipulation of fact the appellant entered as a part of his pretrial agreement with the convening authority. Appellate Exhibit I at ¶ 15; Prosecution Exhibit 1 at ¶ 8. What is clear, however, is that the military judge considered the photographs during his deliberations on sentence. Record at 70. Despite this obvious omission from the record of trial, under the circumstances of this case, we find the record of trial to be substantially complete. *See* Art. 19, UCMJ, 10 U.S.C. § 819; *United States v. McCullah,* 11 M.J. 234, 236–37 (C.M.A.1981).

After announcing sentence, the military judge said he was concerned that inasmuch as the photographs were "not marked as a prosecution exhibit ... [or] as an appellate exhibit[,]" there could be subsequent questions as to what specific photographs he considered during his deliberations. Record at 70. He therefore directed that both Government and trial defense counsel sign and date the photographs. He then directed that Government counsel seal the photographs "in an envelope to be attached to the stipulation of fact" and "provided to [Naval Criminal Investigative Service] for their safekeeping in their central files." *Id.* Trial defense counsel agreed with the procedure. *Id.* at 71.

Article 19, UCMJ, provides that: "A bad-conduct discharge ... may not be adjudged unless a complete record of the proceedings and testimony has been made." *See also* Art. 54(c)(1)(B), UCMJ, 10 U.S.C. § 854(c)(1)(B). The applicable military rule states that a complete record shall include the "exhibits which were received in evidence and any appellate exhibits." RULE FOR COURTS-MARTIAL 1103(b)(2)(D)(v), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2000 ed.).

After applying this rule, we find the present record is deficient. However, this alone does not entitle the appellant to relief. The analysis to R.C.M. 1103 states, in relevant part:

Failure to comply with subsection (b)(2) does not necessarily require reversal. Rather, an incomplete or nonverbatim record (when required) raises a presumption of prejudice which the Government may rebut. *See United States v. Eichenlaub,* 11 M.J. 239 (C.M.A.1981); *United States v. McCullah,* [11 M.J. 234 (C.M.A.1981)]; *United States v. Boxdale,* 22 U.S.C.M.A. 414, 47 C.M.R. 35[1], [1973 WL 14729] (1973).

MANUAL FOR COURTS-MARTIAL, UNITED STATES (2000 ed.), App. 21 at A21–80.

We first note that the record is fully adequate to assure us that this court has jurisdiction to review the case. Art. 66(c), UCMJ. The transcript appears to be a complete and verbatim record of the in-court proceedings and the military judge properly authenticated it as accurate.

The omission of matters considered by the military judge is, however, troubling and raises a presumption of prejudice. *McCullah,* 11 M.J. at 237. Nevertheless, we believe that such presumed prejudice is adequately rebutted. We note first that this was a guilty-plea case, and that the appellant has not questioned the providence of his guilty

pleas. Thus, none of the missing photographs apparently call into question the appellant's guilt or innocence. *See Boxdale,* 47 C.M.R. at 352; *United States v. Booth,* 33 M.J. 939, 941 (N.M.C.M.R.1991). The military judge determined that the appellant's guilty pleas were provident through an extensive on-the-record inquiry of the factual circumstances underlying them. We have no doubt, therefore, that the appellant was properly found guilty of the charged offense.

Second, trial defense counsel was aware of, and participated in, the actions taken by the military judge relative to the photographs. At no time did the trial defense counsel interpose any objection to the procedure used by the military judge. Furthermore, at no time since trial has either the trial defense counsel or the appellant alleged prejudice as a result of the omitted documents.

Third, the record is replete with descriptions of the general nature of the omitted photographs, that is, graphic images of children engaged in sexual activity with adults. Prosecution Exhibit 1, attachments 1 and 2, is particularly descriptive in describing the images found in the appellant's computer.

Finally, neither at trial nor at any time since trial has trial defense counsel or the appellant remotely questioned the general nature of the omitted documents.

The general nature of the omitted photographs is abundantly clear to this Court. We hold that the failure to attach the photographs to the record of trial did not prejudice the appellant. *See Eichenlaub,* 11 M.J. at 240–41. Finding no prejudice to the appellant, we hold that this error was harmless beyond a reasonable doubt.[2]

Accordingly, we affirm the findings and sentence, as approved on review below.

Senior Judge PRICE and Judge CARVER concur.

---

**2.** Given the graphic nature of the photographs, the military judge's reluctance to insert them into the record of trial was understandable. Nevertheless, the far better procedure would have been to mark the photographs as exhibits and place them under seal at trial. The military judge could have then directed special handling of the sealed photographs as appropriate and, thereby, further minimized the chance of any subsequent unauthorized disclosure.