# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Airman First Class DEVON P. JOHNSON
## United States Air Force

## ACM S32047 (rem)

## 10 September 2015

Sentence adjudged 8 February 2012 by SPCM convened at Francis E. Warren Air Force Base, Wyoming. Military Judge: Jeffrey A. Ferguson.

Approved Sentence: Bad-conduct discharge, confinement for 30 days, forfeiture of $745.00 pay per month for 1 month, and reduction to E-1.

Appellate Counsel for the Appellant: Major Christopher D. James.

Appellate Counsel for the United States: Lieutenant Colonel Jennifer A. Porter and Mr. Gerald R. Bruce, Esquire.

Before

MITCHELL, HECKER, and TELLER
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

MITCHELL, Senior Judge:

Appellant was convicted, contrary to his pleas, by a special court-martial composed of officer members, of distributing marijuana, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. The adjudged and approved sentence was a bad-conduct discharge, confinement for 30 days, forfeiture of $745 pay per month for 1 month, and reduction to E-1.

On appeal, Appellant avers that (1) the evidence is factually and legally insufficient to support the finding of guilty and (2) the record is incomplete because the findings instructions in the record of trial are not the findings instructions that were presented to the members.

*Background*

Appellant was a 21-year-old Airman with two years in service at the time of his court-martial. He was charged with one specification of using marijuana on divers occasions and one specification of distributing marijuana, both in violation of Article 112a, UCMJ. A panel of officer members acquitted Appellant of the use specification and convicted him of the distribution specification. The substantive evidence against Appellant was the testimony of two previously convicted Airmen.

Airman Basic (AB) David Chappell testified under a grant of immunity that he used marijuana 20 to 30 times, and AB William Haines used with him on all but one occasion. He also testified Appellant smoked marijuana with him and AB Haines on at least 15 occasions and Appellant provided him with marijuana 10 to 15 times. However, on cross-examination, AB Chappell admitted that, in his prior testimony at AB Haines' court-martial, he had testified that he only received marijuana from two individuals, neither of whom were Appellant. AB Chappell also admitted he provided two false official statements to investigators and had been convicted of making a false official statement.

AB Haines also testified under a grant of immunity. AB Haines explained Appellant helped him obtain marijuana on one occasion; Appellant contacted a friend who he knew sold marijuana and then drove AB Haines and AB Chappell to buy blunt wraps; and Appellant then drove to his friend's house where the marijuana purchase occurred. A second time, AB Haines provided money to Appellant for the purchase of marijuana, Appellant took the money, and returned later to provide AB Haines with marijuana. AB Haines testified that he and AB Chappell used marijuana together but he never saw Appellant use marijuana. AB Haines admitted that he lied to investigators when they first asked about his and his friends' use of marijuana. AB Haines was convicted at his own court-martial for making a false official statement.

*Procedural History*

On 25 June 2013, the Secretary of Defense appointed a civilian employee of the Department of the Air Force, who was also a retired Air Force officer and a former active duty appellate military judge, to serve as an appellate military judge on the Air Force Court of Criminal Appeals. When Appellant's case was initially before us, he argued that the evidence was legally and factually insufficient and his record of trial was not complete. We disagreed and issued a decision in which we affirmed the findings and

sentence. *United States v. Johnson,* ACMS32047 (A.F. Ct. Crim. App. 4 September 2013) (unpub. op.). The civilian employee was a member of the panel that decided Appellant's case.

On 15 April 2014, our superior court issued its decision in *United States v. Janssen*, 73 M.J. 221, 225 (C.A.A.F. 2014), holding that the Secretary of Defense did not have the legislative authority to appoint civilian employees as appellate military judges and that the earlier appointment was "invalid and of no effect." On 11 March 2015, our superior court concluded the improper appointment of the civilian employee by the Secretary of Defense was not waived by an earlier failure to object. *United States v. Jones*, 74 M.J. 95 (C.A.A.F. 2015). Pursuant to *Janssen* and *Jones*, our superior court reversed our decision in this case and remanded it to us for a new review under Article 66, UCMJ, 10 U.S.C. § 866, before a properly constituted panel. *United States v. Johnson*, __ M.J. __ No. 14-0156/AF (C.A.A.F. 2015) (Daily Journal 30 March 2015). We then issued an order authorizing Appellant to file supplemental briefing.

As directed by our superior court, we have reviewed Appellant's case. Our review includes Appellant's previous filings and the previous opinion issued by this court, as well as a supplemental assignment of errors in which Appellant asserts he is entitled to relief due to excessive post-trial processing delays. Finding no error, we affirm the findings and the sentence.

*Factual and Legal Sufficiency*

We review issues of factual and legal sufficiency de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002).

The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we] are . . . convinced of the [appellant's] guilt beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987). In conducting this unique appellate role, we take "a fresh, impartial look at the evidence," applying "neither a presumption of innocence nor a presumption of guilt" to "make [our] own independent determination as to whether the evidence constitutes proof of each required element beyond a reasonable doubt." *Washington*, 57 M.J. at 399.

The test for legal sufficiency of the evidence is "whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt." *Turner*, 25 M.J. at 324. "[I]n resolving questions of legal sufficiency, we are bound to draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001) (citing *United States v. Rogers*, 54 M.J. 244, 246 (C.A.A.F. 2000)).

Appellant argues there was no credible evidence presented at trial to show he actually distributed marijuana. He argues the only witnesses to testify did so under grants of immunity, they were previously convicted of making false official statements, and their testimony conflicted. These two Airmen, however, testified they received marijuana from Appellant. Additionally, AB Haines was able to provide specific details about the transaction where he obtained marijuana from Appellant. Having weighed the evidence in the record of trial, with allowances for not having personally observed the witnesses, we are personally convinced of Appellant's guilt beyond a reasonable doubt of a single distribution of marijuana. Similarly, we find a reasonable factfinder could have found all the essential elements beyond a reasonable doubt.

*Completeness of the Record*

During an Article 39(a), UCMJ, 10 U.S.C. § 839(a), session, the military judge and counsel for each side addressed the written findings instructions drafted by the military judge. Upon motion of trial counsel and over trial defense counsel's objection, the military judge ruled that he would change the word "weaken" to "affect" in the instruction regarding how the panel could consider the court-martial convictions of AB Haines and AB Chappell relative to their credibility. The following typographical errors were also noted in the military judge's draft instructions: AB Haines' name was misspelled as "Hanes," the date range for the distribution was "341 October," and on page five, the third paragraph was missing a period. After noting these corrections, the military judge reserved Appellate Exhibit V for the instructions that he would provide to the members.

After counsel for each side presented argument and the military judge provided all the instructions orally on the record, the military judge told the members that he needed to make some corrections and as soon as that was completed he would have the instructions printed and delivered to the members. The members requested a recess before beginning deliberations. After the recess, the military judge told the members that he completed the corrections to the written findings instructions and published them as Appellate Exhibit V to the members. The bailiff then handed the members Appellate Exhibit V. The Appellate Exhibit V which is included in the record of trial does not contain any of the corrections that were discussed in the Article 39(a), UCMJ, session. Appellate Exhibit V also contains a few other typographical errors when compared to the instructions provided on the record.[1] Therefore, it is the determination of this court that

---

[1] Appellate Exhibit V omits the word "specifications" from the initial instructions, while the military judge stated on the record: "The law presumes the accused to be innocent of the charges and specifications against him." Also, the block to indicate whether trial counsel or the bailiff will hand the worksheet to the members, the block to indicate the panel president's name, and the block to indicate the number of the appellate exhibit for the findings worksheet is blank on Appellate Exhibit V.

Appellate Exhibit V in the record of trial is the draft of the findings instructions and not the final version that was provided to the members.[2]

On 14 March 2012, the court reporter certified that the transcript was "an accurate reflection of the proceeding of the court." The military judge authenticated the record of trial on 15 March 2012. On 20 March 2012, a complete copy of the entire record of trial was presented to trial defense counsel and Appellant.

A complete record of trial is required in a special court-martial when the sentence includes a bad-conduct discharge. Article 54(c)(1)(B), UCMJ, 10 USC § 854(c)(1)(B); Rule for Courts-Martial (R.C.M.) 1103(c)(1); *see United States v. Santoro,* 46 M.J. 344, 346 (C.A.A.F. 1997). R.C.M. 1103(b)(2)(D) requires appellate exhibits to be part of the record of trial.

A substantial omission from the record of trial renders it incomplete. "Whether an omission from a record of trial is 'substantial' is a question of law which we review de novo." *United States v. Stoffer*, 53 M.J. 26, 27 (C.A.A.F. 2000). A record of trial may be complete and verbatim if the omissions are insubstantial. *United States v. Henry*, 53 M.J. 108, 111 (C.A.A.F. 2000) (finding record complete even though four prosecution exhibits omitted from the record because omission was not substantial as the rest of the record of trial incorporated the information contained therein); *United States v. Barnes*, 12 M.J. 614 (N.M.C.M.R. 1981), *aff'd on other grounds*, 15 M.J. 121 (C.M.A. 1983) (holding omission from the record of questionnaires completed by members prior to voir dire did not make record incomplete as omission was insubstantial). *Cf. United States v. McCullah*, 11 M.J. 234, 236–37 (C.M.A. 1981) (finding prosecution exhibit that was prima facie evidence omitted from record was substantial omission and left the record incomplete); *United States v. Abrams*, 50 M.J. 361, 364 (C.A.A.F. 1999) (finding failure to attach personnel records of witness to record, which trial judge reviewed, but did not release to the defense, was substantial).

We analyze whether an omission is substantial on a case-by-case basis. *Abrams*, 50 M.J. at 363. The omission of rulings or evidence which affect an appellant's rights at trial render appellate review impossible and are substantial omissions. *See Id.* at 364; *United States v. Gray*, 7 M.J. 296, 298 (C.M.A. 1979) (holding omission of sidebar conference involving a ruling by the trial judge that affected the appellant's rights was substantial).

Here, the proper findings instructions were read to the members and captured verbatim on the record. The members were then provided a copy of those instructions, in

---

[2] In an earlier motion to this court, appellate defense counsel sought to compel the production of the findings instructions provided to the members. Our denial of that request referred to Appellate Exhibit V as covering what was being sought by Appellant. We now conclude that Appellate Exhibit V does not contain the findings instructions actually provided to the members.

which minor typographical errors had been corrected. The members were properly instructed on the record and no one raised an objection after the instructions were read, nor when the instructions were published to the members. The only discrepancies between the draft and final version of the findings instructions are de minimis and amount to little more than typographical edits. The only potential substantive change between the instructions as read and the written instructions contained in the record is that Appellate Exhibit V contains the word "weaken" vice "affect," meaning the written version contains the language requested by the trial defense counsel. The record is clear that the written findings instructions as provided to the members are the same as Appellate Exhibit V with the corrections as noted on the record and included in the verbatim transcript. Including only the draft version of Appellate Exhibit V is error, but after reviewing the entire record, we find the omission is not substantial.

*Appellate Review Time Standards*

The appellant argues, citing *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006), that the unreasonable post-trial delay from the date the case was first docketed with this court in April 2012 until this opinion warrants relief. The appellant further cites to *United States v. Tardif*, 57 M.J. 219 (C.A.A.F. 2002), noting this court's responsibility to affirm only those findings and sentence that should be approved.

We review de novo whether an appellant has been denied the due process right to speedy post-trial review and whether any constitutional error is harmless beyond a reasonable doubt. *United States v. Allison*, 63 M.J. 365, 370 (C.A.A.F. 2006). A presumption of unreasonable delay arises when appellate review is not completed and a decision is not rendered within 18 months of docketing the case before this court. *Moreno*, 63 M.J. at 142. The *Moreno* standards continue to apply as a case continues through the appellate process; however, the *Moreno* standard is not violated when each period of time used for the resolution of legal issues between this court and our superior court is within the 18-month standard. *United States v. Mackie*, 72 M.J. 135, 135–36 (C.A.A.F. 2013); *see also United States v. Roach*, 69 M.J. 17, 22 (C.A.A.F. 2010). The time from the initial docketing on 30 April 2012 until our initial decision on 4 September 2013 did not exceed 18 months. The time between our superior court's remand which returned the record of trial to our court for our review and this decision has not exceeded 18 months; therefore, the *Moreno* presumption of unreasonable delay is not triggered. *See Mackie*, 72 M.J. at 136. We reject Appellant's argument that because the Secretary of Defense's appointment of the civilian employee was invalid and of no effect the *Moreno* clock was not tolled by our first decision.[3]

---

[3] Alternatively, if the *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006), standards are violated, the delay is presumptively unreasonable and triggers an analysis of the four factors elucidated in *Barker v. Wingo*, 407 U.S. 514 (1972), and *Moreno*. *See United States v. Arriaga*, 70 M.J. 51, 55 (C.A.A.F. 2011). Those factors are "(1) the length of the delay; (2) the reasons for the delay; (3) whether the appellant made a demand for a speedy trial; and (4) prejudice to the appellant." *United States v. Mizgala*, 61 M.J. 122, 129 (C.A.A.F. 2005); *see also Barker*, 507 U.S.

Additionally, Article 66(c), UCMJ, empowers appellate courts to grant sentence relief for excessive post-trial delay without the showing of actual prejudice required by Article 59(a), UCMJ, 10 U.S.C. § 859(a). *Tardif*, 57 M.J. at 224; *see also United States v. Harvey*, 64 M.J. 13, 24 (C.A.A.F. 2006). In *United States v. Gay*, 74 M.J. 736 (A.F. Ct. Crim. App. 2015), we identified a list of factors to consider in evaluating whether Article 66(c), UCMJ, relief should be granted for post-trial delay. In the present case, none of the time periods exceeded the *Moreno* standard. Furthermore, even analyzing the entire period from the time the case was first docketed until today, we find there was no bad faith or gross negligence in the post-trial processing. The reason for the delay after our initial decision was to allow this court and our superior court to fully consider a constitutional issue of first impression about whether the Secretary of Defense has the authority under the Appointments Clause[4] to appoint civilian employees to the service courts of criminal appeals. *See Janssen*, 73 M.J. at 221. While the answer may seem clear now with the advantage of subsequent decisions, we note that Appellant's initial petition to our superior court did not specify the appointment as an error. We find no evidence of harm to the integrity of the military justice system by allowing the full appellate review of this novel issue. The appellant has not articulated any harm. Furthermore, the impact of any delay was mitigated when we specifically allowed Appellant to file a supplemental assignment of error. We conclude that sentence relief under Article 66, UCMJ, is not warranted.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ. Accordingly, the findings and the sentence are **AFFIRMED**.



FOR THE COURT

STEVEN LUCAS
Clerk of the Court

---

at 530; *United States v. Morita*, 73 M.J. 548, 567 (A.F. Ct. Crim. App. 2014). Here Appellant concedes he did not make a demand for speedy appellate processing until his supplemental pleading on 4 May 2015. Appellant has also not made any showing of prejudice but asks this court to infer it. When there is no showing of prejudice under the fourth factor, "we will find a due process violation only when, in balancing the other three factors, the delay is so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006). Having considered the totality of the circumstances and the entire record, when we balance the other three factors, we find the post-trial delay in this case to not be so egregious as to adversely affect the public's perception of the fairness and integrity of the military justice system. We are convinced that even if there is error, it is harmless beyond a reasonable doubt.

[4] U.S. CONST. art. II, § 2, cl. 2.