# United States Navy–Marine Corps Court of Criminal Appeals

Before
GASTON, STEWART, and HOUTZ
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Maikel GONZALEZ**
Staff Sergeant (E-6), U.S. Marine Corps
*Appellant*

**No. 201900295**

Decided: 10 May 2021

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
Terrance J. Reese (arraignment)
Glen R. Hines (motions, trial)
Kevin S. Woodard (post-trial)

Sentence adjudged 3 May 2019 by a general court-martial convened at Marine Corps Base Camp Lejeune, North Carolina, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for 24 months,[1] and a bad-conduct discharge.

For Appellant:
*Commander R. Don Evans, JAGC, USN*

---

[1] The convening authority suspended confinement in excess of 14 months pursuant to a pretrial agreement.

For Appellee:
*Major Clayton L. Wiggins, USMC*
*Major Kerry E. Friedewald, USMC*

———————————————

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

———————————————

PER CURIAM:

Appellant was convicted, pursuant to his pleas, of conspiracy, larceny, and obstructing justice, in violation of Articles 81, 121, and 134, Uniform Code of Military Justice [UCMJ], 10 U.S.C. §§ 881, 921, 934, in connection with his theft of various items of personal and military property.

Appellant asserts three assignments of error [AOEs] relating to the post-trial processing of his case: (1) that certain findings were not recorded in the Entry of Judgment, and that this Court should disapprove those findings;[2] (2) that this Court should refuse to accept for appellate review a record: (a) that has not been verified by either of the military judges who presided over the court-martial, (b) that lacks certification by one of the two detailed court reporters, (c) from which the Government has removed a document marked as a prosecution exhibit for identification and inserted in its place an affidavit that the trial counsel created months after the court-martial adjourned and days after the record was certified as complete, and (d) from which the Government removed an appellate exhibit after the military judge directed, "I have here a document that will be attached as the next appellate exhibit in order," and which document was the subject of a post-trial Article 39(a), UCMJ session;[3] and (3) that this Court should set aside an Entry of Judgment that: (a) was executed by a military judge who was not detailed to the court-martial; (b) was executed before the court-martial transcript was

---

[2] We find this AOE was mooted when this Court granted Appellee's Motion to Attach Post-Trial Action Addendum Pages, which included the missing Entry of Judgment addendum pages.

[3] We find AOE (2)(d) was mooted when this Court granted Appellee's Motion to Attach Appellate and Post-Trial Rights Advisement, which included the missing Appellate Exhibit VI.

2

certified as accurate and complete; and (c) presents an incomplete report of the proceedings of a companion case.[4] We find no prejudicial error and affirm.

## I. BACKGROUND

Appellant, a staff non-commissioned officer [Staff NCO], along with two other Staff NCOs, stole a number of motor vehicles, personal property, and military property onboard Camp Lejeune, North Carolina. Judge Reese presided over the arraignment session. Judge Hines subsequently replaced Judge Reese as the military judge, accepted Appellant's guilty pleas, sentenced Appellant, and signed the Statement of Trial Results. A post-trial Article 39(a), UCMJ session was later convened to discuss a pen-and-ink change to the pretrial agreement and to replace the "outdated" appellate and post-trial rights advisement that was referred to during the guilty plea with a "corrected" one that was marked as Appellate Exhibit VI and included in the record.[5]

By the time the Staff Judge Advocate and convening authority completed and forwarded the Post-Trial Action Form, Judge Hines, a Reservist, had left active duty. Consequently, the Chief Trial Judge of the Navy-Marine Corps Trial Judiciary determined Judge Hines was not reasonably available and detailed Judge Woodard, the Circuit Military Judge for the Eastern Judicial Circuit where Appellant's court-martial took place, to execute the Entry of Judgment. Judge Woodard verified the record of trial and executed the Entry of Judgment, the record of trial was prepared and certified by the court reporter chief, and one of the two detailed court reporters certified the verbatim transcript of the court-martial proceedings. Before the record of trial was forwarded for appellate review, an affidavit from the trial counsel was attached explaining that Prosecution Exhibit 8, which was not included in the Record, was neither offered nor admitted into evidence.

## II. DISCUSSION

Appellant asserts the Entry of Judgment was erroneously entered by a military judge who was not detailed to the court-martial and executed before the court-martial transcript was certified as accurate and complete. He further asserts this Court should not accept the record of trial when it was

---

[4] We find AOE (3)(c) was mooted when this Court granted the Government's motion to attach the missing Entry of Judgment addendum pages to the record.

[5] R. at 201; App. Ex. VI.

verified by a military judge who did not preside over any record proceedings of the court-martial; its transcript was certified by only one of the two detailed court-reporters; the record of trial was certified by the court reporter chief; and Prosecution Exhibit 8 for identification was omitted from the record. Whether a record of trial is complete is a question of law that appellate courts review de novo.[6]

None of Appellant's claims has merit. First, Rule for Courts-Martial [RCM] 1111(a)(1) specifically provides that "[i]f the Chief Trial Judge determines that the military judge is not reasonably available, the Chief Trial Judge may detail another military judge to enter the judgment." The Chief Trial Judge properly detailed Judge Woodard to the case pursuant to this rule after determining Judge Hines was not reasonably available. At that point, Judge Woodard was authorized to enter the judgment of the court into the record of trial[7] and to perform such other actions as necessary as the military judge on the case, to include verifying the record for completeness in accordance with regulations.[8]

Second, contrary to Appellant's assertions, a verbatim transcript is not required before the military judge can execute the Entry of Judgment. In fact, RCM 1114(a)(1) describes the Entry of Judgment as the triggering mechanism for a transcript, not vice versa.[9]

Third, pursuant to RCM 1114 and JAGINST 5813.1D, which "applies to all personnel involved in preparation and certification of [court-martial] verbatim transcripts,"[10] the court reporter is required to prepare and review a verbatim transcript of certain courts-martial, to provide it to the military judge for verification, and then to certify the transcript.[11] Neither the rule nor the instruction requires the transcript to be certified by more than one

---

[6] *United States v. Henry*, 53 M.J. 108, 110 (C.A.A.F. 2000).

[7] *See* UCMJ art. 60c.

[8] *See* Dep't of the Navy, Judge Advocate General / Cmdr Navy Legal Service Cmd Instr. 5814.1D, *Post-Trial Processing*, encl. 2 at 9-10 (Sep. 6, 2019); *see also* N-M Trial Jud. R. 34.12.

[9] *See also* Dep't of the Navy, Judge Advocate General Instr. 5813.1D, *Standardization of General Courts-Martial and Special Courts-Martial Verbatim Transcripts and Summarized Reports to Accompany the Record of Trial,* para. 4.e (July 3, 2019) [JAGINST 5813.1D] (requiring that a military judge verify the record of trial prior to the verbatim transcript being certified as complete and accurate).

[10] *Id.* at para. 3.

[11] *See id.* at paras. 4.d-e.

court reporter.[12] Thus, as we have previously held, certification by one court reporter of the transcript, even if two were detailed to the court-martial, is not erroneous.[13]

In addition, per RCM 1112(c), certification of the record of trial need only be accomplished by "[a] court reporter." As we have previously held, such certification by the "detailed" court reporter is not required and may be accomplished by a court reporter chief.[14]

Finally, among the items required to be attached to the record of trial under RCM 1112(f)(2) are "exhibits which were marked for and referred to on the record but not received into evidence."[15] Here, the only reference to Prosecution Exhibit 8 was the trial counsel's statement that "[the] Government does not and will not be offering Prosecution Exhibit 8."[16] We do not construe a statement placed on the record to explain essentially that there is no Prosecution Exhibit 8 to require inclusion of any such exhibit in the record under RCM 1112(f).[17] Since no Prosecution Exhibit 8 was ever offered, used, or identified in any meaningful way on the record, it is not required to be attached to the record of trial. Hence, Appellant's record of trial contains all the items required for appellate review of this case.

### III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred. UCMJ arts. 59, 66.

The findings and sentence are **AFFIRMED**.

---

[12] *See id.*

[13] *Unites States v. Huntington*, No. 201900218, 2020 CCA LEXIS 105, at *4 (N-M. Ct. Crim. App. Apr. 8, 2020) (per curiam) (unpublished).

[14] *See Huntington*, 2020 CCA LEXIS 105, at *2-4.

[15] *See also United States v. Leal*, 44 M.J. 235, 236 (C.A.A.F. 1996).

[16] R. at 125.

[17] *Cf. United States v. Booth*, 33 M.J. 939, 940-41 (N-M.C.M.R. 1991) (finding error in omitting two prosecution exhibits that were referenced by "four of the five prosecution witnesses in the Government's case in chief and by the appellant in his testimony").



FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court